IN THE UNITED STATES DISRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| STEVENS TOWING CO., INC, | Civil Action No.  2:25-cv-13853-RMG |
| Plaintiff, | |
| vs. | **PLAINTIFF'S VERIFIED COMPLAINT** |
| SPIRIT OF SOUTH CAROLINA INC., *in personam*, and S/V SPIRIT OF SOUTH CAROLINA (O.N. 1201843), and her engines, boilers, tackle, appurtenances, etc., *in rem*. | **(NON-JURY)** |
| Defendants. | |

Plaintiff Stevens Towing Co., Inc. ("Stevens"), complaining of Defendants Spirit of South Carolina Inc., *in personam*, and S/V SPIRIT OF SOUTH CAROLINA, *in rem*, (collectively the "Defendants"), shows this Honorable Court as follows:

## JURISDICTION

1. This case arises from the breach of a maritime contract for dry docking and other necessaries the Plaintiff provided to the S/V *Spirit of South Carolina* (O.N. 1201843) (the "Vessel").

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the Court's original admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1). In addition, subject matter jurisdiction in this Honorable Court is based on the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31303-31343 ("CIMLA"), and is brought pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").

1

3. This case is governed by Rule C of the Supplemental Rules, the CIMLA, the General Maritime Law of the United States, and laws supplemental thereto and amendatory thereof.

4. Upon information and belief and at all material times hereto, Defendant Vessel was and is registered in the United States and in navigation upon the navigable waters of the United States. Venue is proper because during the pendency of this action, the Vessel is and will be within the Charleston Division of the District of South Carolina.

5. Stevens Towing Co., Inc. is a corporation organized under the laws of the State of South Carolina with its principal place of business at Yonges Island, South Carolina.

6. **Upon information and belief, the Vessel is owned by Defendant Spirit of South Carolina Inc.**

7. Upon information and belief, Defendant Spirit of South Carolina Inc. is a nonprofit corporation organized under the laws of the state of South Carolina with its principal place of business in Charleston, South Carolina.

FACTS

8. Stevens operates a shipyard and repair facility at Yonges Island, South Carolina.

9. In September 2025, Spirit of South Carolina Inc. requested Stevens to haul the Vessel at its shipyard facility. The Vessel arrived at Stevens' shipyard on or about September 5, 2025, and was hauled and blocked on or about September 11, 2025. The Vessel's hull was pressure washed on or about September 15, 2025.

10. At all relevant times, Capt. Heath Hackett had actual or apparent authority to act on behalf of Spirit of South Carolina, Inc., with respect to the procurement of necessaries from Stevens, including hauling, blocking and other services for the Vessel.

11. On or about September 23, 2025, Stevens presented Capt. Hacket with a Quote, including terms and conditions, for hauling of the Vessel, blocking it on land, and pressure washing the underwater portion of the hull, all in anticipation of an inspection to be performed at Stevens' facility by the U.S. Coast Guard. A copy of the Quote is attached hereto as Exhibit A.

12. In brief, the Quote stated that Stevens would provide hauling, blocking, pressure washing and an access ladder for the sum of $26,000.00, exclusive of lay days.

13. The amount stated in the Quote was in keeping with oral discussions between to the parties as to Stevens' base charge to haul, block and pressure wash the hull of the Vessel.

14. The Quote did not include lay days in the shipyard, which were to be billed monthly at the rate of $500.00 per day.

15. Lay days were anticipated in the Quote because, upon information and belief, Spirit of South Carolina, Inc., intended to have various repairs to the Vessel performed while the Vessel was blocked at Stevens' facility.

16. The Quote further provided, in pertinent part, as follows:

   a. That payment is due in full without set-off upon receipt of the invoice.

   b. That a delinquency charge of 1.5 percent per month will be charged on all amounts remaining unpaid 30 days after invoice date.

   c. That the Customer shall pay all of Stevens' expenses of collection, including reasonable attorneys' fees, survey charges, and court costs.

   d. In order to secure Customer's obligation to make full payment to Stevens, Customer grants Stevens a security interest in the Vessel designated on the face hereof…until all invoices pertaining to all such Vessels are fully paid. Stevens is hereby authorized to sign Customer's name on any documents necessary to perfect the

security interest. The security interest shall be in addition to any common law or statutory repairman's or similar possessor's lien, and any other liens granted by the laws of the United States or the State of South Carolina…, as applicable, each of which liens and rights hereunder is expressly reserved

17. Capt. Hackett accepted the Quote on behalf Spirit of South Carolina, Inc., and on November 24, 2025, Stevens sent Capt. Hackett invoice number PS-INV103403, in the amount of $26,000.00. A copy of the aforementioned invoice is attached as Exhibit B.

18. On November 3, 2025, Stevens issued its second invoice to the Defendants, in the amount of $25,500.00 for lay days from September 11, 2025, through October 31, 2025. A copy of the aforementioned invoice is attached as Exhibit C.

19. On December 8, 2025, Stevens issued its third invoice to the Defendants, in the amount of $15,500.00, for lay days through November 2025. A copy of the aforementioned invoice is attached as Exhibit D.

20. Defendants have since accrued an additional twelve lay days from December 1, 2025, through December 12, 2025, in the amount of $6,000.00.

21. To date, the Defendants have paid none of the aforementioned invoices; the amount due and payable is $73,000.00, plus delinquency interest charges.

22. The Vessel remains at Stevens' shipyard, and Defendants have not responded to demands for payment.

### FIRST CAUSE OF ACTION
(Breach of Maritime Contract)

23. Plaintiff restates the above allegations as if set forth herein verbatim.

24. At the request of the Defendants, Plaintiff offered to perform certain services to the Vessel upon certain terms and conditions set forth in the Quote.

25. Defendant Spirit of South Carolina, Inc. accepted Plaintiff's offer expressly, by implication, and by directing Plaintiff to perform the specified services.

26. Stevens fully performed the services described in the Quote.

27. Defendant Spirit of South Carolina, Inc. failed to perform its duties and materially breached the agreement by failing to pay for the services described in the Quote.

28. As a direct and proximate result of Defendant's breaches, Stevens has incurred damages of $73,000.00 plus delinquency charges of 1.5 percent per month on all balances unpaid for more than 30 days, plus attorneys' fees, court costs, and *custodia legis* expenses.

29. As a direct and proximate result of Defendant's breach, Stevens is entitled to a judgment for damages in amount sufficient to compensate it for its losses stated above including, without limitation, actual damages, consequential damages, attorneys' fees authorized by the agreement, costs of this litigation, prejudgment interest, and other amounts that may be proven at trial of this matter or that justice may require.

### FOR A SECOND CAUSE OF ACTION
(Maritime Lien Foreclosure)

30. Stevens restates the above allegations as if set forth herein verbatim.

31. Stevens provided necessaries to the Vessel by performing dry docking and related services in furtherance of the accomplishment of the Vessel's mission and continued function.

32. Stevens submitted invoices for the completed repair work to the Defendants in accordance with the terms of the Agreement.

33. Defendants have failed and refused to pay the invoiced amounts due to Stevens for the dry docking and lay days.

34. Pursuant to the terms of the agreement, Defendants granted Stevens a security interest in the Vessel and promised not to cause the Vessel to be removed until all outstanding invoices have been paid in full.

35. Stevens' provision of necessaries to the Vessel gave rise to a maritime lien on the Vessel for the outstanding amounts due to Stevens on each invoice and are enforceable against the Vessel *in rem* under the provisions of 46 U.S.C. § 31341, *et seq*.

36. Stevens is entitled to arrest of the Defendant Vessel pursuant to Rule C of the Supplemental Admiralty Rules to enforce its maritime lien in the amount of $73,000.00 plus delinquency charges of 1.5 percent per month on all balances unpaid for more than 30 days, plus storage accruing at $500/days, attorneys' fees, court costs, and *custodia legis* expenses.

WHEREFORE, Plaintiff prays that summons issue to all Defendants herein; that the Defendants be made to appear and answer the allegations herein; that process in due form of law according to the practice of this Court is cases of admiralty and maritime jurisdiction issue against Defendant Vessel, her engines, tackle, appurtenances, etc.; that judgment be rendered for the Plaintiff and against all Defendants for all actual, consequential, and attorneys' fees, including costs of this litigation, and prejudgment interest, and that judgment be rendered for Plaintiff and against Defendants in an amount as may be proven at trial or which justice requires; that Plaintiff's maritime lien be declared a first priority lien against the Defendant Vessel; that Defendant Vessel, her engines, tackle, appurtenances and apparel, etc., be sold by the United States Marshal for this District at the Marshal's sale and that the proceeds of the sale be applied first to the payment of *custodia legis* expenses and next to satisfy Plaintiff's maritime lien; and that this Court award any other amount and grant any other relief which may be proved or that justice may require.

Respectfully submitted,

                    By: /s/ Julius H. Hines
                    Ryan Gilsenan, Fed ID. 9837
                    Julius Hines, Fed ID. 5807
                    Edward N. Smith, Fed ID. 13429
                    1535 Hobby Street, Suite 203D
                    Charleston Navy Yard
                    North Charleston, South Carolina 29405
                    T: 843-266-7577
                    E: gilsenan@hinesandgilsenan.com
                    E: hines@hinesandgilsenan.com
                    E: smith@hinesandgilsenan.com

                    *Attorneys for Plaintiff Stevens Towing Co., Inc.*

December 12, 2025
Charleston, South Carolina

## VERIFICATION

PERSONALLY APPEARED Kurt Olsen who, under penalty of perjury, deposes and says:

1. My name is Kurt Olsen and I am the Vice President of Shipyard Operations of the Stevens Towing Co., Inc. shipyard.

2. I am over 18 years of age, of sound mind, and a resident of the State of South Carolina.

3. I have read the foregoing Plaintiff's Verified Complaint and know the contents thereof are true and correct to the best of my knowledge, except as to matters therein stated to be on information and belief, and as to those matters, I believe them to be true.

4. The sources of my information and the grounds of my belief are personal knowledge and the documents in my possession.

5. The above statements are true and correct under penalty of perjury.

STEVENS TOWING CO., INC.

_____
Kurt Olsen, *its authorized representative*

December 12, 2025